

**ORDERED in the Southern District of Florida on February 26, 2015.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

In re:                                    :        CASE NO.: 14-23776-JKO
                                          :
OSCAR H. MONTALVO,                        :        CHAPTER 7
                                          :
        Debtor.                           :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
### STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (C.P. #64) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the settlement is **APPROVED**.

2.      Notwithstanding the scheduled values, the Trustee and the Debtor agree that the Petition Date fair market value of the Debtor's non-exempt interest in the Property is $18,000.00.

3.      Accordingly, the Debtor agrees to pay to the Trustee, and the Trustee agrees to accept, the total sum of $18,000.00 in cleared funds (the "*Settlement Amount*"), to be paid in twelve (12) equal monthly payments of $1,500.00 to be made on the 15th day of each month starting on February 15, 2015 and ending on January 15, 2016.  The Settlement Amount of $18,000.00 will be allocated to the Household Goods and Furnishings.

4.      The payments will be by cashier's check or money orders made payable to the order of Scott Brown, Trustee and mailed to the Trustee's office at: One SE Third Ave., Suite 1440, Miami, FL 33131.  Each cashier's check or money order should clearly state the name of the Debtor and the case number.

5.      As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Discharge to ensure that this Settlement is approved before such deadline expires.

6.      The Debtor agrees and acknowledges that the sale of the Estate's right, title and interest, if any, in the Property is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances and interests, whether known or unknown.

7.      As a material inducement to the Trustee's entry into this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and

(4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

8.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

9.      If the Debtor fails to timely make any of the payments described in paragraph 3, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

10.     In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a hearing.

11.     The settlement proceeds of $18,000.00 are attributable to the Household Goods and Furnishings.

12.     The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail: robert@rabankruptcy.com

Copies furnished to:
Robert A. Angueira, Esq.

*(Attorney Robert Angueira is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming such service.)*